# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-264**
Filed: September 25, 2026

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| TIMOTHY M. KINMAN, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Decision on Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

*Richard H. Moeller*, Moore, Heffernan, et al., Sioux City, IA, for Petitioner.
*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On March 8, 2022, Timothy M. Kinman filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he developed a shoulder injury related to vaccine administration ("SIRVA") or, in the alternative, "pain, illness, disabilities, and conditions" after receiving a Hepatitis B vaccine on March 11, 2019. Petition, ECF No. 1. On December 9, 2025, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 72).

On December 16, 2025, petitioner filed an application for final attorneys' fees and costs. ("Fees App.") (ECF No. 74). Petitioner requests total attorneys' fees and costs in the amount

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

of $86,314.02, representing $81,383.10 in attorneys' fees and $4,930.92 in attorneys' costs. Fees App. at 1. Petitioner warrants that he did not personally incur any costs pursuing this claim. Ex. 60. Respondent responded to the motion on January 15, 2026, stating, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise [her] discretion and determine a reasonable award for attorneys' fees and costs." Response at 2, 4 (ECF No. 80). Petitioner filed a reply on January 15, 2026.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum

jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Robert Moeller: $363.00 per hour for work performed in 2021, $379.00 per hour for work performed in 2022, $408.00 per hour for work performed in 2023, $436.00 per hour for work performed in 2024, and $470.00 per hour for work performed in 2025; and for Ms. Coyreen Weidner, $274.00 per hour for work performed in 2022, and $336.00 per hour for work performed in 2024. Petitioner also requests between $110.00-$171.00 per hour for work performed by paralegals from 2021-2025. These rates are consistent with what counsel and paralegals have been previously awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

## B. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs*., 38 Fed. Cl. 403, 406 (1997) (same).

A detailed review of the records revealed several issues. First, it appears that the record contains a duplicate billing entry. Relevant here, Mr. Moeller billed two entries on October 8, 2024, the first entry for 0.7 hours, and the second entry for 0.8 hours. Ex. 57 at 32-33. The first entry, billed for 0.7 hours, states, "Following filing of updated medical records and working on near-final version of status report to demonstrate CRPS, and following exchange of emails with Mr. Kinman, draft and send email to Ms. Begley regarding same, possible settlement negotiations." *Id*. at 32. The second entry, billed for 0.8 hours, contains nearly identical language and states, "Following filing of updated medical records and work on near final version of status report to demonstrate CRPS, exchange emails with Mr. Kinman regarding strategy of records and status report, recommendations for contacting respondent (Ms. Begley) to take up matter of settlement negotiations." *Id*. at 33. The undersigned finds that the second entry billed for 0.8 hours is a duplicate entry and therefore will not be reimbursed. This results in a reduction of **$348.80**.

Second, there are several billing entries, totaling approximately 35.1 hours across 35 entries, reflecting non-compensable administrative tasks, including saving files and making them searchable, preparing basic documents like notices of filing and exhibit lists, preparing exhibits for filing, pagination, scanning, filing, and mailing documents, and contacting process servers. *See* Ex. 57 at 2, 9-10, 12-13, 15-17, 22-23, 25-26, 29-32, 39. It is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). These non-compensable tasks resulted in $4,797.90 charged fees. Accordingly, the undersigned finds that an additional **$4,797.90** reduction in attorneys' fees is appropriate.

An additional issue with the billing entries in this case is that they frequently display block billing by combining several discrete tasks into one large entry. For example, on December 27, 2021, a paralegal billed 4.5 hours to

> Contact Rivers Edge Family Medicine, Dr. [M.Gu.] Michael Guice, Dr. [M. Gi.], Cardiology Internal Medical Group, and APLA regarding medical records; try to contact Dr. [M.], no answer and no way to leave a voicemail; prepare letters to all remaining providers: Orthopaedic Surgery and Sports Medicine, Allina Health Uptown Clinic, Courage Kenny Sports & Physical Therapy, OhioHealth Riverside Methodist Hospital, Rivers Edge Family Medicine, Family Medicine – [Dr. M. Gu.] Office, Dr. [M. Gi.], MD Inc., Providence St. Joseph Medical Center, Cedars Sinai Hospital, Cardiology Internal Medical Group, Beverly Cardiology, APLA Health, and CVS requesting medical records from March 11, 2016 to the present time; prepare certification of records for each and cover pages and fax all out except CVS, out via priority mail.

Ex. 57 at 3. Additionally, on March 7, 2022, Mr. Moeller billed 2 hours to "Exchange emails with Mr. Kinman regarding status of affidavit, claim, discussions with MAJ regarding final preparation

of medical records as exhibits, organization and numbering, begin preparation of petition." *Id*. at 10. Then, on March 5, 2024, Mr. Moeller billed 3.5 hours to

> Continue work on responses to order to file records and information (ECF No. 37, filed 1/16/24) including the following: review order and respondent's Rule 4(c) report for required materials and information, work with MAJ to review material and information obtained from providers and from Mr. Kinman, review notes from prior discussions with Mr. Kinman and MAJ, select materials, prepare and/or task to MAJ exhibits to be produced for filing (per order), work on draft of affidavit of Mr. Kinman to explain exhibits and related information and materials, work on draft of affidavit of MAJ to explain her prior efforts to obtain information and medical records, work on draft of second email to send to Mr. Kinman to explain, and to obtain clarifications and additional input).

*Id*. at 25. There are more than 30 instances of such billing entries by both counsel and paralegals. *See id*. at 3-4, 8-10, 15, 19-20, 25-29, 31-32, 34, 37. The undersigned recognizes that in some instances, some of these activities may be related such that one activity naturally flows into the next throughout the course of the workday. However, engaging in block billing frustrates the undersigned's ability to determine how much time was spent on a compensable task versus time on the non-compensable, administrative task.

Finally, there were certain tasks where, in the undersigned's experience, counsel or paralegals billed an excessive amount of time to perform said task. Examples include, but are not limited to: on December 21, 2021, paralegal MAJ billed four 4.0 hours preparing authorization forms; on April 10, 2023, paralegal MAJ billed 2.5 hours sending letters requesting updated medical records to four providers; on April 28, 2023, Mr. Moeller billed 1.2 hours receiving and reviewing the non-SPU initial order, and forwarding to MAJ and Petitioner; and on July 23, 2024, Mr. Moeller billed 2.0 hours sending Petitioner a scheduling order and preparing for a phone conference with him and MAJ. Ex. 57 at 3, 16-17, 28. The undersigned identified a total of eight entries that were excessively billed. *See id*. at 3, 8, 16-17, 21, 28, 32.

This is not the first time special masters have noted this particular issue concerning Mr. Moeller's billing practices. *See, e.g., Canallatos v. Sec'y of Health & Human Servs.*, No. 24-1497V, 2026 WL 458850, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 15, 2026) (reducing the award by five percent to account for block-billing issues); *Lau v. Sec'y of Health & Human Servs.*, No. 19-1956V, 2025 WL 733369, at *2, n. 3 (Fed. Cl. Spec. Mstr. Feb. 11, 2025) (the special master warned counsel against billing for non-compensable clerical tasks, noting that counsel's fees may be reduced in the future); *Tyler v. Sec'y of Health & Human Servs.*, No. 20-0548V, 2022 WL 16545371, at 2. (Fed. Cl. Spec. Mstr. Sept. 27, 2022) (reducing fees for time spent on administrative tasks). For these reasons, the undersigned finds that a reduction is necessary to achieve "rough justice." *See Florence v. Sec'y of Health & Human Servs.*, No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011)). In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox*, 563 U.S. 826, 838. Accordingly, the undersigned

finds a that a 10% reduction in overall fees is warranted in this case. This results in an additional reduction of **$7,623.64**.[4]

Petitioner is therefore awarded final attorneys' fees of $68,612.76.

### C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $4,930.92 in costs for acquiring medical records, postage, the Court's filing fee, photocopies, and process server fees. *See* Ex. 58. Petitioner has provided adequate documentation supporting the requested costs and all appear reasonable in the undersigned's experience. Accordingly, petitioner is entitled to final attorneys' costs of $4,930.92.

## III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED IN PART**. Based on the above analysis, the undersigned finds that it is reasonable to compensate petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $81,383.10 |
| (Reduction of Fees) | ($12,770.34) |
| **Total Attorneys' Fees Awarded** | **$68,612.76** |
| | |
| Attorneys' Costs Requested | $4,930.92 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$4,930.92** |
| | |
| **Total Attorneys' Fees and Costs** | **$73,543.68** |

**Accordingly, the undersigned awards a lump sum of $73,543.68, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

[4] This amount is calculated as $81,383.10 - $5,146.70 (prior reductions) x 0.10 = **$7,623.64**.

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).